UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

INGRID M. HENDRICKS,

    Plaintiff,

against

JP MORGAN CHASE BANK, N.A., AS
SUCCESSOR BY MERGER TO CHASE
HOME FINANCE, LLC; AND FEDERAL
NATIONAL MORTGAGE ASSOCIATION

    Defendant.

PLAINTIFF'S COMPLAINT

Case No.: 3:22-cv-364-mmH-PDB

FILED
3.29.2022
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**JURY TRIAL DEMANDED**

Ingrid M. Hendricks, ("Plaintiff"), alleges herein as follows:

### INTRODUCTION

1. Plaintiff entered into a residential mortgage transaction for a parcel of Real Property, ("Subject Property"), commonly known as 1439 Creek Point Blvd. Jacksonville, FL 32218.

2. Due to a series of improper actions taken against Plaintiff in order to foreclose on the debt, defendants JP Morgan Chase Bank, N.A., As Successor By Merger To Chase Home Finance, LLC; And Federal National Mortgage Association ("Defendants") did succeed in its plan to deprive Plaintiff of her lawful rights to the Subject Property.

3. As more particularly described herein, Plaintiff has suffered tremendous emotional trauma, damages in excess of the minimum jurisdiction of this Court and have suffered and will continue to suffer damages as a result of defendant Defendants' actions.

1

## PARTIES

4. Plaintiff is a citizen and domiciled in the County of Duval, State of Florida.

5. The Subject Property at issue is located in Duval County, State of Florida.

6. Defendant JP Morgan Chase Bank, N.A., As Successor By Merger To Chase Home Finance, LLC is and at all times relevant to this action, was conducting ongoing business in the County of Duval, State of Florida.

7. Upon information and belief, defendant JP Morgan Chase Bank, N.A., As Successor By Merger To Chase Home Finance, LLC is a foreign corporation organized under the laws of New York.

8. Defendant Federal National Mortgage Association is and at all times relevant to this action, was conducting ongoing business in the County of Duval, State of Florida.

9. Upon information and belief, defendant Federal National Mortgage Association is a foreign corporation organized under the laws of Delaware.

10. A national banking association is a citizen, for diversity purposes, of "the state designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

## JURISDICTION AND VENUE

11. The Court has subject-matter jurisdiction over this action because it is brought under Federal consumer financial law, 12 U.S.C. § 5565(a)(1), and presents a federal question, 28 U.S.C. § 1331.

12. This Court additionally has supplemental subject matter jurisdiction to hear this case pursuant to 28 USC § 1332.

13. Plaintiff is a resident of Florida and each of the Defendants are foreign business entities organized and existing outside of Florida.

14. Further, the amount in controversy exceeds $75,000.00.

15. Venue lies in this District pursuant to 28 USC § 1391(b). The Subject Property at issue in the present lawsuit lies within the territorial limits of Duval County, State of Florida.

## FIRST CAUSE OF ACTION- NEGLIGENCE

16. Plaintiff incorporates by reference the allegations of Paragraphs 1-15.

17. At all times relevant herein, Defendant, acting as Plaintiff's lender and/or servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting, and servicing of loan records, including, but not limited to, disclosing to Plaintiff the real status of any foreclosure actions taken by it.

18. The case which is on point with the allegations and factual pattern with this case is the *Garcia v. Ocwen Loan Servicing, LLC* (N.D.Cal., May 10, 2010, No. C 10-0290 PVT) 2010 WL 1881098 (Ocwen).

19. Based upon information and belief, in taking the actions, and engaging in the acts and conduct as alleged above, and herein this complaint, and in failing to rectify the actions as alleged above, Defendant , breached its duty of care and skill to Plaintiff by, among other things; (i) Failing to credit payments on Plaintiff's account properly; (ii) Placing plaintiff's Loan into a defaulted status while Plaintiff was in the underwriting stages of her Loan Modification Application; (iii) Commencing foreclosure proceedings prior to a full and final decision on Plaintiff's loan modification; and (iv) Miscalculating and demanding an excessive amount from Plaintiff to pay off her loan or bring it current.

20. Under the facts specified above and in the allegations incorporated, Defendant, similar to the *Garcia* action, was under a duty to Plaintiff and is liable to Plaintiff for Negligence, including the selling of the subject property.

21. Defendant was further under a duty to plaintiff to service the Loan pursuant to the terms in the original Note and Mortgage, applicable law, and industry standards.

22. Defendant went beyond its role as a lender and/or loan servicer, by placing Plaintiff into a defaulted status as noted herein.

23. A relationship of trust and confidence existed between Plaintiff and Defendant. Among other things, Plaintiff entrusted Defendant with her home mortgage as well as with a myriad of

confidential information with regard to the subject mortgage loans, including, without limitation, Plaintiff's social security number, tax returns, W2's, pay stubs, bank statements, other income information and verification, financial statements, information with regard to Plaintiff's debt, work history, credit history and net worth.

24. Plaintiff alleges that Defendant automatically occupies a fiduciary relationship to its Principal, including Plaintiff, and owe them the highest possible duty including, but not limited to, absolute honesty and undivided loyalty. As with the *Garcia* case, this Court has held this to be true.

25. Defendant further breached its duty of care by selling the property. The breaches committed by Defendant has significantly injured Plaintiff, and caused significant monetary loss, severe emotional stress and ultimately the loss of her home, loss of home equity, and more.

26. Plaintiff has been directly and proximately damaged by the negligence of Defendant and has lost her property and the value thereof, *i.e.* her equity and has further incurred costs and other damages to be proved at the time of trial.

## SECOND CAUSE OF ACTION- VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 – 501.213) ["FDUTPA"]

27. Plaintiff incorporates by reference the allegations of Paragraphs 1-26.

28. Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiff in this case, from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

29. Plaintiff is a consumer within the meaning of Fla. Stat. § 501.203(7).

30. Defendants engaged in trade and commerce within the meaning of Fla. Stat. § 501.203(8).

31. While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference the Federal Trade Commission's interpretations of these terms.

32. The FTC has found that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

33. Defendants failed to inform Plaintiff that they were acting as debt collectors which was both deceptive and a misrepresentation.

34. Defendants provide collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have previously been placed in collection.

35. As a result of the false representations described above, Plaintiff has been damaged.

36. Plaintiff has also been damaged in other and further ways subject to proof at trial.

37. Pursuant to §§ 501.211(1) and 501.2105, Fla. Stat., Plaintiff is entitled to recover from Defendants the reasonable amount of attorneys' fees Plaintiff has incurred in representing her interests in this matter

## PRAYER FOR RELIEF

**WHEREFORE**: Plaintiff respectfully requests that the Court:

a. Enter a permanent injunction to prevent future foreclosure and/or writ of possession actions taken by Defendants;

b. Award such relief as the Court finds necessary to redress injury to Plaintiff resulting from Defendants' violations, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

c. Award Plaintiff monetary civil penalties for each violation as alleged in this Complaint; and

d. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted this 29th day of March 2022

*[signature]*

Ingrid M. Hendricks, In Pro Per